# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MALCOLM P. WESTON, )
　)
　Petitioner, )
　)
vs. ) Case No. 13-0102-CV-W-FJG-P
　)
LARRY DENNEY, )
　)
　Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that he is entitled to conditional release under Mo. Rev. Stat. § 558.011.4 and .5 from his 1993 convictions and sentences for second degree murder and armed criminal action, which were entered in the Circuit Court of Buchanan County, Missouri. On November 1, 2011, the Missouri Board of Probation and Parole (MBPP) denied him early parole release. Rather than challenging the MBPP's November 1, 2011, denial of parole, however, petitioner claims that the implementation of the conditional release statute, Mo. Rev. Stat. § 558.011, creates due process protections for prisoners like petitioner who have a life sentence and that the Missouri Supreme Court decision in Rentschler v. Nixon, 311 S. W. 3d 783 (Mo. Banc 2010), and the rules promulgated by the MBPP regarding conditional release violate due process and equal protection. Respondent contends that petitioner's claims are without merit and that the identical claims were presented to the Missouri Supreme Court in a state habeas petition and were rejected. Doc. No. 10, pp. 1-7.

The interpretation of Missouri statutes is purely an issue of state law which fails to state

federal habeas corpus claims. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). "With the exception of due process claims, state prisoners' claims of error involving . . . parole . . are matters governed by state law that are not cognizable in federal habeas corpus proceedings." Martin v. Solem, 801 F. 2d 324, 331 (8th Cir. 1986). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "[A] state may create . . . a liberty interest [in conditional release if] . . . its statutes or regulations place substantive limitations on the exercise of official discretion or are phrased in mandatory terms." Mahfouz v. Lockhart, 826 F.2d 791, 792 (8th Cir. 1987). However, if the statute or regulation "specifically provides that the prisoner's release is . . . discretionary with the board, as evidenced by the use of discretionary language, then no protected liberty interest has been created." Dace v. Mickelson, 816 F.2d 1277, 1280 (8th Cir. 1987).

Other Missouri decisions make clear that an inmate's entitlement to conditional release cannot be established until the inmate completes the prison term of his sentence under Section 558.011.4 and that, even if the inmate has reached his conditional release date, Section 558.011.5 specifies that release is not automatic and that the date of conditional release may be extended up to the maximum of the entire sentence of imprisonment according to the discretion of the MBPP. See, e.g., Cooper v. Holden, 189 S. W. 3d 614, 618-619 (Mo. Ct. App. 2006); Johnson v. MBPP, 92 S.W. 3d 107, 113-115 ((Mo. Ct. App. 2002); Miller v. Mitchell, 25 S. W. 3d 658, 664 ((Mo. Ct. App. 2000); n Elliott v. Carnahan, 916 S. W. 2d 239, 241 ((Mo. Ct. App. 1995). Thus, petitioner's due process rights were not violated when he was not granted a conditional release for which he did not qualify.

Given that release on conditional release is not automatic even if an inmate has

2

completed his prison term and given that the MBPP may extend the conditional release date up to the maximum of a sentence, this Court concludes that petitioner has not established an ex post facto violation regarding the application of Section 558.011.4 to his sentence.

As to petitioner's remaining claims, the MBPP denied petitioner parole based on a valid reason as set forth in both the old and new parole statutes. Petitioner does not allege that he is part of a protected class or that the parole board is encroaching upon his fundamental rights; therefore, in order to succeed on this claim he must establish that he is being treated "systematically" and "intentionally" different from others similarly situated and "that there is no rational basis for the difference in treatment." Nolan v. Thompson, 521 F.3d 983, 989-90 (8th Cir. 2008) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) ("class-of-one" standard)). "Indeed, all inmates applying for parole are not similarly situated." Quinteros v. Hernandez, 419 F. Supp. 2d 1209, 1218, n. 4 (C.D. Cal. 2006) (citing Sweazea v. Missouri Bd. of Probation & Parole, 742 F.2d 482, 483 (8th Cir.1984) (per curiam) (denying inmate's equal protection claim based on allegation that "other inmates who had committed crimes arguably worse than his ... were assigned parole dates earlier than his" because inmate "was not similarly situated with those against whom he was comparing himself")). Petitioner has failed to demonstrate that the MBPP discriminated against him based on race or that the MBPP's denial of parole constituted cruel and unusual punishment. See, e.g., Harmelin v. Michigan, 501 U.S. 907, 985 (1991) (life sentence without parole for first offense of possession of less than one kilogram of cocaine was not cruel and unusual punishment because there is no proportionality "guarantee" in the Eighth Amendment where capital punishment is not involved).

The role of this Court is not to substitute its judgment for that of the MBPP, "but rather to determine whether the decision not to release [petitioner] was made in accordance with the

demands of the Constitution." Burnside v. White, 760 F.2d 217, 219 (8th Cir.), cert. denied, 474 U.S. 1022 (1985). Petitioner has failed to demonstrate that he was denied due process or equal protection or that the prohibition against ex post facto laws or against cruel and unusual punishment was violated by the 2011 denial of parole.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

   /s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  March 13, 2014.